# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO YEARWOOD, | CASE NO. 1:11-CV-00132-DLB PC |
| Plaintiff, | ORDER DISREGARDING MOTION (DOC. 2) |
| v. | |
| M.D. BITER, et al., | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND (DOC. 1) |
| Defendants. / | RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.   Background**

Plaintiff Ricardo Yearwood ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 25, 2011. Doc. 1.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff also filed a motion to proceed in this action, contending that his complaint was untimely, but that it should be excused. Plaintiff had filed his complaint in the Kern County Superior Court before filing with this Court. The Court has made no determination as to timeliness at this time. Plaintiff's motion is HEREBY ORDERED disregarded as unnecessary.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), and was previously incarcerated at Pleasant Valley State Prison ("PVSP") where the alleged events at issue in this action occurred.  Plaintiff names as Defendants: James A. Yates, warden of PVSP; Chief medical Officer Kushner, of PVSP; M. D. Biter, acting warden of KVSP; J. Todd, health care appeals coordinator of PVSP; G. Moonga, registered nurse at KVSP; S. Zamora, health care manager at KVSP; and Riesha Arnet, supervising registered nurse at KVSP.

Plaintiff alleges the following.  On August 28, 2005, Plaintiff was involved in a physical altercation with another inmate which resulted in Plaintiff suffering a broken right clavicle. Plaintiff was housed at PVSP at the time of the incident.  Plaintiff was sent to the prison hospital, and received x-rays and treatment.  Plaintiff was advised that he would be sent to an outside hospital for additional treatment.

On January 11, 2006, Plaintiff was in a tele-med conference with doctors at U.C. Davis, who informed Plaintiff that the bone should be reset, Plaintiff's arm and shoulder placed in a case, and surgery was needed.  Plaintiff endured pain for five months, receiving only some pain medication and being seen by a registered nurse twice.  Plaintiff finally received surgery on March 21, 2007.

1  Plaintiff was scheduled for a follow-up interview with a doctor one month after the
2 surgery, but prison officials at KVSP misplaced his medical documents.  Plaintiff removed his
3 own surgical stitches with the help of his cell mate.  Plaintiff was finally seen by an orthopedic
4 surgeon for follow-up four to six months after his surgery.

5  Plaintiff was also receiving physical therapy treatment, which was cancelled after KVSP
6 no longer had a clinical therapist.  Plaintiff was not sent to an outside hospital for physical
7 therapy.  Plaintiff complained about the medical department's constant neglect.

8  Plaintiff alleges a violation of the First, Sixth, Eighth, and Fourteenth Amendments.
9 Plaintiff requests as relief monetary damages.

**III.    Analysis**

   **A.    First Amendment**

The First Amendment protects, *inter alia*, freedom of speech and free exercise of religion. Plaintiff alleges no facts that demonstrate a violation of the First Amendment.

   **B.    Sixth Amendment**

The Sixth Amendment, protects, *inter alia*, the right to counsel in a criminal proceeding, and to confront witnesses in a criminal proceeding.   Plaintiff alleges no facts that demonstrate a violation of the Sixth Amendment.

   **C.    Fourteenth Amendment**

The Fourteenth Amendment prohibits deprivation of liberty without due process of law. U.S. Const. amend. XIV, § 1.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 850, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted).  Here, the Eighth Amendment, and not the more generalized notion of due process, is the explicit textual source of Plaintiff's constitutional protection.  Thus, Plaintiff's Fourteenth Amendment claims will be denied.

   **D.    Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

1  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
2  citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an
3  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
4  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
5  indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
6  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
7  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
8  must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*
9  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
10 an excessive risk to inmate health or safety . . . ." *Id.* at 837.

11       "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under
12 this standard, the prison official must not only 'be aware of the facts from which the inference
13 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
14 inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
15 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
16 matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
17 1188 (9th Cir. 2002)).

18              **1.     PVSP Defendants**

19       As to Defendants Yates and Kushner, Plaintiff alleges no facts which demonstrate that
20 they knew of and disregarded an excessive risk of serious harm to Plaintiff's health or safety.
21 *Farmer*, 511 U.S. at 837.  If Plaintiff is alleging liability based on a theory of supervisory
22 liability, Plaintiff also fails to state a claim.  the term "supervisory liability," loosely and
23 commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949.
24 "Government officials may not be held liable for the unconstitutional conduct of their
25 subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government
26 official, regardless of his or her title, is only liable for his or her own misconduct.

27       When the named defendant holds a supervisorial position, the causal link between the
28 defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

4

*Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts that demonstrate Defendants Yates or Kushner personally deprived Plaintiff of his constitutional rights, knew of constitutional violations and failed to act, or promulgated a policy that violated Plaintiff's constitutional rights.

**2.    KVSP Defendants**

Plaintiff fails to state a claim against Defendants M. D. Biter, G. Moonga, J. Todd, S. Zamora, and Riesha Arnet. Plaintiff submits exhibits with his complaint.

As to Defendant M. D. Biter, Plaintiff alleges no facts that link Defendant Biter to any act that demonstrates a violation of the Eighth Amendment. Plaintiff also fails to state a claim under a theory of supervisory liability.

As to Defendant J. Todd, Plaintiff appears to complain that Defendant J. Todd screened out his grievances inappropriately. Compl., Ex. B, pp. 24-32. Plaintiff fails to state a claim, as prisoners have no liberty interest in a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

As to Defendants G. Moonga, S. Zamora, and Arnet, Plaintiff appears to complain that they did not fully grant his inmate grievances. *See* Ex. B, pp. 33-37. Plaintiff also fails to state a claim. Based on the submitted exhibits, Defendants found that Plaintiff was receiving adequate medical care, including increased pain medication, and scheduled appointments for physical therapy. It appears that Plaintiff's complaints amount at most to a difference of opinion between a medical doctor and patient, which fails to state a claim for deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058.

///

**IV.    Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:    **August 9, 2011**              /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE