IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO YEARWOOD, | 1:11-cv-00132-DLB (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE (DOCS. 11, 13, 14) |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. 15) |
| M.D. BITER, et al, | |
| Defendants. | |

Plaintiff Ricardo Yearwood ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 28, 2011, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to obey a court order. The Court had ordered Plaintiff to file an amended complaint by September 9, 2011.

On October 6, 2011, Plaintiff filed a response to the order. Plaintiff contends that he did file a first amended complaint with the Court. On October 13, 2011, Plaintiff filed a record of Plaintiff's mailings. A review of the Court's docket indicates that Plaintiff has filed his first amended complaint with the Court. Doc. 12. Accordingly, it is HEREBY ORDERED that the Order to Show Cause is discharged.

///

-1-

1      On December 5, 2011, Plaintiff filed a motion seeking the appointment of counsel.
2 Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*
3 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to
4 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court*
5 *for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional
6 circumstances the Court may request the voluntary assistance of counsel pursuant to section
7 1915(e)(1).  *Rand*, 113 F.3d at 1525.

8      Without a reasonable method of securing and compensating counsel, the Court will seek
9 volunteer counsel only in the most serious and exceptional cases.  In determining whether
10 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success
11 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
12 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

13      In the present case, the Court does not find the required exceptional circumstances.  Even
14 if it is assumed that Plaintiff is not well versed in the law and that he has made serious
15 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is
16 faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court
17 cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a
18 review of the record in this case, the Court does not find that Plaintiff cannot adequately
19 articulate his claims.  *Id.*

20      For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
21 DENIED, without prejudice.

22     IT IS SO ORDERED.

23   **Dated:   December 20, 2011**          **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28