# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO YEARWOOD, | CASE NO. 1:11-CV-00132-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND |
| v. | |
| M.D. BITER, et al., | DISMISSAL SUBJECT TO THREE STRIKES PROVISION OF 28 U.S.C. § 1915(G) |
| Defendants. | |

**Screening Order**

**I.    Background**

Plaintiff Ricardo Yearwood ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 25, 2011. Doc. 1. On August 9, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. Doc. 8. On September 21, 2011, Plaintiff filed his first amended complaint. Doc. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary of First Amended Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), and was previously incarcerated at Pleasant Valley State Prison ("PVSP") where the alleged events at issue in this action occurred. Plaintiff names as Defendants: James A. Yates, warden of PVSP; Chief Medical Officer Kushner of PVSP; M. D. Biter, acting warden of KVSP; Sherry Lopez, CMO of PVSP; G. Moonga, registered nurse at KVSP; S. Zamora, health care manager at KVSP; and Riesha Arnet, supervising registered nurse at KVSP.

Plaintiff alleges the following. On August 28, 2005, Plaintiff was involved in a physical altercation with another inmate which resulted in Plaintiff suffering a broken right clavicle. First Am. Compl. 5. Plaintiff was housed at PVSP at the time of the incident. *Id.* Defendant Kushner saw Plaintiff, who diagnosed Plaintiff's x-rays. *Id.* Defendant Kushner ordered the registered nurse to provide Plaintiff with pain medication. *Id.* Plaintiff was advised that he would be seen by a physician in August 30. *Id.* Plaintiff was not seen until September 15, after he had submitted a request for medical treatment. *Id.*

On January 11, 2006, Plaintiff was in a tele-med conference with doctors at U.C. Davis, who informed Plaintiff that the bone should be reset, Plaintiff's arm and shoulder placed in a cast, and possible surgery to repair it. *Id.* Plaintiff endured pain for four months. *Id.* Plaintiff had little use of his right arm, and a bone protruding from his right shoulder. *Id.* Plaintiff was seen by a physician only once during this time, and not given pain medication. *Id.*

2

On May 19, 2006, Plaintiff was transferred to KVSP. *Id.* at 6. Plaintiff was seen by a registered nurse on his arrival. *Id.* On June 6, 2006, Plaintiff was examined by doctor Akanno, who stated that Plaintiff was scheduled for orthopedic review. *Id.* Plaintiff was not seen again until September 12, 2006, at an outpatient appointment in Corcoran hospital. *Id.* Plaintiff was informed that he was a candidate for A-C repair, and would be scheduled for the near future. *Id.*

On November 2, 2006, was seen by a medical doctor, and x-rays were taken. *Id.* Plaintiff received surgery on March 21, 2007. *Id.* at 6-7. Plaintiff was scheduled for a follow-up interview with a doctor one month after the surgery, but prison officials at KVSP misplaced his medical documents. *Id.* at 7. Plaintiff removed his own surgical stitches with the help of his cell mate. *Id.* Plaintiff was finally seen by an orthopedic surgeon for follow-up four to six months after his surgery. *Id.* Plaintiff was also receiving physical therapy treatment, which was cancelled after KVSP no longer had a clinical therapist. *Id.* Plaintiff was not sent to an outside hospital for physical therapy. *Id.* Plaintiff complained about the medical department's constant neglect. *Id.*

Plaintiff alleges a violation of the Eighth Amendment. Plaintiff requests declaratory relief, compensatory damages, and punitive damages.

**III.    Analysis**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

3

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. PVSP Defendants

As to Defendants Yates and Kushner, Plaintiff alleges no facts which demonstrate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837. If Plaintiff is alleging liability based on a theory of supervisory liability, Plaintiff also fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts that demonstrate Defendants Yates or Kushner personally deprived Plaintiff of his constitutional rights, knew of constitutional violations and failed to act, or promulgated a policy that violated Plaintiff's constitutional rights. Plaintiff's allegations that

4

they were responsible for failure to supervise or train amounts at most to respondeat superior liability, which is not cognizable under § 1983.

### 2. KVSP Defendants

Plaintiff fails to state a claim against Defendants M. D. Biter, G. Moonga, S. Zamora, and Riesha Arnet. Plaintiff submits exhibits with his first amended complaint.

As to Defendant M. D. Biter, Plaintiff alleges no facts that link Defendant Biter to any act that demonstrates a violation of the Eighth Amendment. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff also fails to state a claim under a theory of supervisory liability.

As to Defendants G. Moonga, S. Zamora, and Arnet, Plaintiff appears to complain that they did not fully grant his inmate grievances. Plaintiff also fails to state a claim. Based on the submitted exhibits, Defendants found that Plaintiff was receiving adequate medical care, including increased pain medication, and scheduled appointments for physical therapy. It appears that Plaintiff's complaints amount at most to a difference of opinion between a medical doctor and patient, which fails to state a claim for deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058. Furthermore, isolated incidents of neglect do not amount to deliberate indifference to a serious medical need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff alleges at most negligence, which is not deliberate indifference.

## IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. Plaintiff was previously provided the opportunity to amend his complaint to cure the deficiencies identified, but he was unable to do so. Further leave to amend will not be granted.

///
///
///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed without leave to amend for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal is subject to the three strikes provision of 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **January 4, 2012**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE