# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO YEARWOOD, | CASE NO.1:11-cv-00132-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (DOC. 19) |
| M. D. BITER, et al., | |
| Defendants. | |

Plaintiff Ricardo Yearwood ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2012, the Court screened Plaintiff's first amended complaint and dismissed the action for failure to state a claim, and judgment was entered accordingly. Doc. 17. On January 24, 2012, Plaintiff filed a document entitled "Order Objecting to the Judge's Recommendation of Dismissal Subject to the Three Strikes Provisions of 28 U.S.C. § 1915(g) and For Failing to State A Claim." Because the motion was filed within twenty-eight days after the issuance of the judgment, the motion is properly construed as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to

---

[1] Plaintiff appealed the January 4, 2012 judgment on March 5, 2012. The matter is held in abeyance pending adjudication of this motion. *See* Fed. R. App. P. 4(a)(4)(B).

1

prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).  This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

The Court had screened Plaintiff's amended complaint and found that 1) Plaintiff's allegations against Defendants Yates and Kushner amounted at most to respondeat superior liability, 2) Plaintiff failed to allege any facts that link Defendant Biter to a violation under § 1983, and 3) his claims against Defendants Moonga, Zamora, and Arnet amount at most to a difference of opinion between Plaintiff and medical professionals regarding treatment.  Plaintiff contends in his motion that the Court erred because he stated a claim, or in the alternative, he should be granted additional leave to amend.  Plaintiff presents no new arguments that merit reconsideration.

Accordingly, it is HEREBY ORDERED that Plaintiff's objections, construed as a Rule 59(e) motion, are denied.

IT IS SO ORDERED.

Dated:   **May 10, 2012**               **/s/ Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE